## BENEDICT FRANTZ

*v.*

## JOHN F. FLEITZ *et al.*

1. CITY COURTS—*under the old constitution, abolished by the establishment of new ones.* The city courts established before the adoption of the constitution of 1870, were, by that instrument, continued in existence until the legislature should provide, by general law, for city courts of uniform jurisdiction, process, etc., as to grades; but the act relating to city courts, approved March 26, 1874, has had the effect, under the constitution, to repeal all prior acts creating such courts, and such old courts no longer exist, the courts under the latter act being intended to supersede the city courts created under the old constitution.

2. THE CITY COURT OF EAST ST. LOUIS, as organized under the act of 1865, ceased to exist, by virtue of the constitution of 1870, and the general law in respect to city courts, of March 26, 1874.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

On the 7th day of October, A. D. 1875, Joseph B. Messich, claiming to act as judge of the City Court of East St. Louis, issued a summons, in which appellees are named as plaintiffs and appellant as defendant, returnable before him, at his office in East St. Louis, on the 13th of that month. The amount of the demand indorsed upon the summons was $220.13. On that day, said Messich entered upon his docket what purported to be a judgment, in due form, in favor of appellees against appellant, for the sum of $220.97. The cause of action was a promissory note, payable by appellant to appellees. From this supposed judgment an appeal was taken to the circuit court of St. Clair county, in which there was a trial before the court without a jury, and a finding for plaintiffs below, and a judgment for $221, and from this judgment defendant below has appealed to this court.

On the trial in the circuit court it was stipulated, that if said Messich had jurisdiction to try this case and to render the judgment, and if the circuit court had jurisdiction on

appeal, there was to be judgment for the amount of the note. Otherwise, this cause was to be dismissed. The only question, therefore, presented, is, whether said Messich was authorized, as judge of said supposed city court, to render said supposed judgment.

By an act of the legislature of this State, entitled "An act to reduce the charter of East St. Louis, and the several acts amendatory thereto, into one act, and to revise the same," approved March 26, A. D. 1869, (see page 905, vol. 2, of the private laws of that year,) it was provided, that the City Court of East St. Louis, theretofore established, should be continued; that it should have a seal, which might be altered or changed by the city council; that the then judge of said court should continue in office for the time he was appointed by the Governor; that, thereafter, the judge of said court should be appointed by the Governor, by and with the advice and consent of the senate; that his term should be four years, and until his successor should be confirmed and qualified, and that he should receive a commission from the Governor; that he should qualify as a justice of the peace, and enter into an official bond in the penal sum of $3000; that he should have power to issue marriage licenses, of the same force and effect as though issued by the clerk of the county court of St. Clair county; that he should have authority to hear and determine, within the city limits, all complaints, suits, and matters in actions of assumpsit, debt, trespass on the case, trover, replevin, trespass, attachment, distress for rent, and in trials of the right of personal property under the statute, in all cases where the demand, claim, damages, fine or penalty or value of the subject matter of suit did not exceed $800; that he should have exclusive jurisdiction in all cases arising under the city charter, or any by-law or ordinance made in pursuance thereof; that he might adopt rules regulating the practice in said court, not inconsistent with the general laws of the State regulating practice; that changes of venue might be taken from said court to the nearest justice of the peace, in all cases where justices of the peace had jurisdiction to hear and determine them, and to the circuit

court of St. Clair county in all other cases except those arising under the city charter, or the by-laws and ordinances made in pursuance thereof, and that the manner of taking a change of venue to the circuit court should be the same as prescribed for doing so in the circuit courts of the State; that the judge should hold a session of his court on every Monday, to be kept open from day to day (Sundays excepted) till the business should be disposed of; that he should have power to fine and imprison for contempt of his court when in session; that judgments rendered by the judge of said court should have the same effect as judgments rendered by justices of the peace; that transcripts of said judgments might be filed with and recorded by the circuit clerk of St. Clair county, in the same manner and with the same force and effect and to the same extent as liens upon real estate, as transcripts of justices of the peace, except judgments rendered in cases arising under any by-laws or ordinances; that the practice in and writs and process of said court should conform, as nearly as practicable, to the practice before and writs and process issued by justices of the peace; that appeals might be taken from the decision of said judge to the circuit court of St. Clair county, in the same manner as appeals are taken from justices of the peace; that in the event of the removal of said judge from office, or of a vacancy otherwise occurring, of absence from the city, sickness or inability to attend to the duties of his office, the council might appoint one of the justices of the peace of the city to preside in his stead during his absence, or until a successor should be duly appointed, in all cases concerning violations of city ordinances; that said judge should keep a fee-book, in which fees received by him should be entered; and that the court should be held at such place in the city as the city council should provide.

Mr. JOHN B. BOWMAN, and Mr. R. A. HALBERT, for the appellant.

Messrs. GREEN, KASE & QUICK, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

By the constitution of this State, in force August 8, A. D. 1870, (art. 6, sec. 1,) it is provided that the judicial powers, except as in said article is otherwise provided, shall be vested in one Supreme Court, circuit courts, county courts, justices of the peace, police magistrates, *and in such courts as may be created by law in and for cities* and incorporated towns; and by section 29, of the same article, " that all laws relating to courts shall be general and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." But, by the 5th section of the schedule it is also provided, that all existing courts which are not in this constitution specifically enumerated, shall continue in existence and exercise their present jurisdiction *until otherwise provided by law.*

Under these provisions of the constitution, (and evidently for the purpose of establishing the city courts provided for in sec. 1 of art. 6, and also in observance of the will of its framers, as expressed in section 29 of said article, that all courts of the same class or grade should have the same organization, jurisdiction, powers, proceedings and practice, and that the force and effect of the process, judgments and decrees of such courts should, severally, be uniform,) the legislature, by a general law of uniform operation, approved March 26, 1874, and which took effect July 1st of that year, provided for the establishment of city courts in cities of at least 5000 inhabitants, with concurrent jurisdiction with the circuit courts in all cases except treason and murder. (Rev. Stat. of 1874, p. 345.) By section 20 of this act it was provided, that the several *courts of record* then established in and for cities, should be continued, under the name and style of " The City Court of (name of city,)" with all the powers and jurisdiction conferred by the act. The 22d section provides for an election of a judge and clerk by vote of the people, and that when the judge and clerk shall be duly

elected, qualified and commissioned, such court shall be deemed organized and established, according to law.

This City Court of East St. Louis had, under the private laws of 1865 (vol. 1, p. 353,) and of 1867, (vol. 1, p. 477,) been established, and it was in existence at the time of the adoption of the constitution of 1870. Consequently, if it were then one of the existing courts mentioned in section 5 of the schedule, it continued to exist until *otherwise provided by law.*

The question whether the judge of this so-called city court was really anything more than a justice of the peace or police magistrate, with specially extended jurisdiction, though nominally a judge of a court, or whether he was in fact a judge of one of the existing courts mentioned in section 5 of the schedule, is not entirely free from difficulty; but upon a full consideration of the words of the section, especially in connection with what was said in the debates in the constitutional convention, it would seem that the convention considered this particular court as one of those included in said section 5, and though we may well imagine that the authors of the general law intended that the expression " courts of record," in section 29, should include all city courts which were not those of justices of the peace and police magistrates, still this city court, without a clerk, would not fall within the usual definition of a court of record.

If the so-called judge was only a police magistrate or justice of the peace with extended jurisdiction, then appellees very properly concede that the objection to the jurisdiction is well taken. We are, however, disposed to adopt, to some extent, the views of the appellees' counsel, and to consider the " City Court of East St. Louis " as one of the courts which, by the 5th section above, was to exist until other provision was made by law, and to agree with the counsel of the appellant, that other provision has been made by law, so wholly inconsistent with the further continuance of said court, that it has ceased to exist by virtue of the constitution and the general law of March 26, 1874.

We think the intent of the framers of the constitution is plainly manifested, that the powers and jurisdiction of circuit courts, mentioned in art. 6, sec. 1, should be uniform, and so of the county courts, (and of the city courts,) of the police magistrates, and of the justices of the peace, and that the legislature meant that judges of city courts elected under the general law of March 26, 1874, should be substituted for and should not be in addition to other previously existing judges of city courts, and that it was never intended that there should be city courts of different powers and jurisdiction any more than it was that there should in the case of circuit courts, county courts, justices of the peace, etc.

At the time the constitution was adopted, as well as at the time when the general law was enacted, there were existing in the State city courts other than the one in question, and with jurisdiction and powers not uniform. Although they were to continue to exist until otherwise provided by law, it was the plain duty of the legislature, in order to carry into effect the declared intent of the constitution, to bring about uniformity as soon as practicable. Surely these previously existing city courts, with jurisdiction not uniform as between them, and variant from that of those established under the general laws, were not to be continued in existence any longer than until the legislature should establish city courts with uniform powers and duties. How was this to be done, except by the substitution of city courts, with like jurisdiction, for those then existing with unlike jurisdiction?

It is plain, that the legislature did not intend that there should be two city courts in all cities where one was previously in existence. Most clearly the intention was to substitute the new for the old—to make the jurisdiction of the new, uniform, and thus to obey the constitution. The constitution and the general law, taken together, are so inconsistent with the further continuance of this court, held by a judge under appointment by the Governor, as to repel the idea that it is continued in existence under the law.

The general law was passed, the new city court established under section 21, and the judge and clerk elected, commissioned and qualified under section 22, prior to the appointment by the Governor of Joseph B. Messich as judge of the supposed East St. Louis City Court. There having been, when he was so appointed, no such court, and no authority for the appointment by the Governor, said Messich had no jurisdiction and the circuit court had none.

Under the stipulation, the suit should have been dismissed by the circuit court, and, in order that such may be done, the judgment below is reversed, and the cause remanded with directions to dismiss the suit.

*Judgment reversed.*